**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4285**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANISSA NICOLE PULLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:03-cr-00100-F-2)

Submitted:  October 23, 2008          Decided:  November 14, 2008

Before MICHAEL, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anissa Nicole Pulley appeals the twenty-four month prison term imposed by the district court after it revoked her probation. Finding no error, we affirm.

We review a sentence imposed upon revocation of probation to determine whether the sentence is plainly unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In doing so, we first assess whether the sentence is unreasonable, using a more deferential standard as to issues of fact and the district court's exercise of discretion than that applied in reviewing a guidelines sentence. Id. Although the district court must consider the policy statements contained in Chapter 7 of the Sentencing Guidelines as "helpful assistance," and the statutory requirements under 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2008), the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 657. Only if this modified reasonableness analysis leads us to conclude that the sentence was unreasonable do we ask whether it is "plainly" so. Id.

After granting the Government's motion for a downward departure for substantial assistance, the district court sentenced Pulley to a sixty-month term of probation in August 2004. After Pulley tested positive for marijuana, the district

2

court amended the conditions of her supervision to include participation in substance abuse treatment. After Pulley tested positive for marijuana again in 2005, the district court allowed her to continue in treatment. In December 2007, the probation officer moved to revoke Pulley's probation. Pulley was charged with twice testing positive for marijuana in 2007 and failing to pay her court-ordered restitution and special assessment. After Pulley admitted to these latest violations, the district court revoked her probation sentence and resentenced her to twenty-four months in prison, with a recommendation that she participate in an intensive drug treatment program, followed by two years of supervised release.

On appeal, Pulley contends the district court insufficiently analyzed the § 3553(a) factors and imposed a sentence that exaggerated the seriousness of her drug-related violations. We disagree. The district court considered the three to nine month imprisonment range suggested by the Chapter 7 policy statements, but sentenced Pulley to twenty-four months' imprisonment based on her continued violations and to afford her the opportunity to participate in intensive drug treatment. Moreover, it was reasonable for the district court to take into account not only the severity of Pulley's violations, but their number in fashioning its sentence. See Moulden, 478 F.3d at 658.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED